IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KERRY GERRARD FREDRICK,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:18-cv-60

(Crim. Case No. 2:10-cr-42)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

More than six years ago, this Court sentenced Kerry Gerrard Fredrick ("Fredrick") to 151 months' imprisonment following his conviction for distribution of controlled substances. On June 7, 2017, Fredrick, who was then detained at the Brooklyn Metropolitan Detention Facility, in Brooklyn, New York, sent the Court a letter requesting relief from his sentence. (Doc. 55.)[1] The Court has now docketed this letter as a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Fredrick contends that the Court sentenced him as a career offender and that after his sentence some of his convictions have "been deemed not to be used as a 'crime of violence' for career offender purposes." (Id. at p. 2.) Construing Fredrick's motion liberally, he is attempting to assert claims based on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, ___, 135 S. Ct. 2551, 2563 (2015). Johnson invalidated the Armed Career Criminal Act's ("ACCA") residual clause.

---

[1] The pertinent record documents in this case are filed on the docket of Fredrick's criminal case, United States v. Fredrick, 2:10-cr-42 (S.D. Ga. Aug. 5, 2010), and many are not included in Fredrick's civil docket. Thus, for ease of reference and consistency, the Court cites to Fredrick's criminal docket in this Order and Report and Recommendation.

Even if Fredrick raised a valid Johnson claim, his motion is untimely as he filed it more than one year after the Supreme Court decided Johnson. Moreover, Fredrick was not convicted under the ACCA, and the Court did not rely upon the ACCA, much less the Act's residual clause, in any way during Fredrick's sentencing proceedings. Fredrick's advisory sentencing range under the United States Sentencing Guidelines did turn on his classification as a career offender under the Sentencing Guidelines, U.S.S.G. §§ 4B1.1 & 4B1.2. Section 4B1.2(a)(2) contains language similar to the ACCA's residual clause. However, the Supreme Court has held that Johnson does not apply to the Guidelines and has specifically held that the decision does not invalidate Section 4B1.2(a)(2)'s definition of a "crime of violence." Beckles v. United States, 580 U.S. ____, 137 S. Ct. 886 (2017). Thus, Fredrick cannot rely upon Johnson to invalidate his sentence.

For these reasons, which are explained more fully below, I **RECOMMEND** that the Court **DENY** Fredrick's Section 2255 Motion.[2] Further, I **RECOMMEND** that the Court **DENY** Fredrick a Certificate of Appealability and *in forma pauperis* status on appeal and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

## BACKGROUND

On August 5, 2010, the Grand Jury for this District charged Fredrick with four counts of distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 860. (Doc. 3.) The Government's Penalty Certification stated that Fredrick faced not less than one and no more than forty years' imprisonment as to each count. (Doc. 4.)

---

[2] Pursuant to Rule 4 of the Rules Governing Section 2255 Cases, the Court must conduct a preliminary review of Section 2255 motions and must dismiss any motion that does not entitle the movant to relief.

2

However, Fredrick and his trial counsel were able to negotiate a plea agreement with the Government whereby Fredrick agreed to plead guilty to Count Four of the Indictment in exchange for the Government moving to dismiss the remaining counts. (Doc. 46.) On February 9, 2011, Fredrick appeared before the Honorable Lisa Godbey Wood, for a change of plea, or Rule 11, hearing. (Doc. 44.) Before accepting Fredrick's guilty plea, Judge Wood engaged in an extensive plea colloquy with Fredrick to ensure that Fredrick fully understood his rights and the charges against him as well as the maximum penalties associated with those charges and that Fredrick made his decision to plead guilty knowingly, voluntarily, and intelligently.

Prior to Fredrick's sentencing hearing, United States Probation Officer Benjamin D. Pearce prepared a Pre-Sentence Investigation report ("PSI"). Probation Officer Pearce detailed Fredrick's offense conduct and criminal history and calculated Fredrick's statutory penalties, as well as his advisory Guidelines range. (PSI.) Officer Pearce concluded that Fredrick was a career offender under U.S.S.G. § 4B1.1 because: (1) Fredrick was at least eighteen years old at the time he committed the offenses in this case; (2) the offense Fredrick pleaded guilty to was a controlled substance offense; and (3) Fredrick had at least two prior felony convictions involving crimes of violence. (Id. at ¶ 28.) Specifically, Pearce detailed Fredrick's convictions for robbery, burglary, kidnapping, and aggravated sodomy. (Id. at ¶¶ 23, 24.) Fredrick's offense level of 29 under Section 4B1.1, combined with a criminal history category of VI, resulted in a recommended Guidelines sentencing range of 151 to 188 months. (Id. at ¶ 46.)

Fredrick's counsel objected to the Probation Officer's career offender recommendation. (Addendum to PSI, p. 1.) Officer Pearce responded that the career offender enhancement was applicable because "[s]pecific crimes of violence are identified in the Application Notes for a U.S.S.G. § 4Bl.2 and include robbery, burglary of a dwelling, kidnaping, and forcible sex

offenses." (Id. at pp. 1–2.) Counsel also argued, among other things, that the court should depart downward because the career offender designation overstated Fredrick's criminal history and effectively tripled his Guidelines range. (Id. at p. 2.) The Probation Officer recommended that the Court not depart downward. (Id. at pp. 2–3.)

On August 10, 2011, Fredrick appeared before Judge Wood for a sentencing hearing. (Doc. 50.) Judge Wood concurred with the Probation Officer's recommendations, overruled counsel's objections, and adopted the factual statements and conclusions in the PSI. (Id.) Thus, she found Fredrick's Guidelines range to be 151 to 188 months' imprisonment. (Id.) Judge Wood found that a downward departure was not warranted, and she sentenced Fredrick to 151 months' imprisonment as to Count Four. (Id.) The Court entered that judgment on August 16, 2011. (Doc. 51.) Pursuant to the plea agreement, Judge Wood dismissed the remaining counts of the Indictment against Fredrick on the Government's motion. (Id.)

Fredrick did not file a direct appeal of his sentence. On March 30, 2015, the Court *sua sponte* considered a Motion to reduce Fredrick's sentence due to retroactive changes to the Guidelines. (Doc. 54.) The Court, however, denied this Motion, explaining that Fredrick is a career offender and his total offense level "was determined based upon his career offender enhancement rather than the lower offense level produced by Chapters 2 and 3 guideline calculations." (Doc. 54-1.)

In his instant Section 2255 Motion, Fredrick urges the Court to revisit his sentence. (Doc. 55.) He contends that some of his prior convictions are no longer considered crimes of violence for career offender purposes. (Id. at p. 1.) Specifically, Fredrick points to the cases of United States v. Velasquez, No. 08-CR-56 (BMC), 2016 WL 4148316 (E.D.N.Y. Aug. 4, 2016), and United States v. Castro-Vazquez, 802 F.3d 28 (1st Cir. 2015). (Id. at p. 2.) Fredrick

concedes, "I don't know if any of these cases can help me or not," but, if they do result in the invalidation of his career offender designation, he asks to be resentenced. (Id. at pp. 2–3.)

## DISCUSSION

### I. Whether Fredrick Timely Filed his Section 2255 Motion

To determine whether Fredrick timely filed his Motion, the Court must look to the applicable statute of limitations period. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Fredrick was sentenced on August 10, 2011, and the Court entered final judgment on August 16, 2011.[3] (Docs. 50, 51.) Fredrick had fourteen (14) days, or until August 30, 2011, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). Because Fredrick did not file an appeal, he had until August 30, 2012, to file a timely Section 2255 motion. 28 U.S.C. § 2255(f)(1); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not

---

[3] Though the Court considered a *sua sponte* motion for sentence reduction, (doc. 54), his judgment of conviction became final following his original date of conviction. Even if Fredrick's sentence had been adjusted, the Eleventh Circuit has held that a "sentence modification does not constitute a new judgment of conviction that restarts § 2255's statute of limitations clock." Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011).

5

appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Fredrick did not execute his Section 2255 Motion until June 7, 2017, which was more than four years after the expiration of the applicable statute of limitations period. Consequently, Fredrick's Motion is untimely under Section 2255(f)(1).

Fredrick does not argue that he is entitled to equitable tolling or to the statute of limitations periods set forth in Sections 2255(f)(2) or (4). However, construing his Motion liberally, he implicitly argues that he timely filed his Motion under Section 2255(f)(3) because Johnson is a new rule of constitutional law made retroactive to cases on collateral review. Indeed, in Welch v. United States, 578 U.S. ___, ___, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that Johnson is a substantive decision which applies retroactively to cases on collateral review. However, the Supreme Court decided Johnson on June 25, 2015. Thus, to avail himself of the limitations period of Section 2255(f)(3), Fredrick must have filed his Motion by June 25, 2016. Fredrick did not execute his Motion until almost a year later on June 7, 2017. (Doc. 55, p. 3.) Consequently, he did not timely raise his implied Johnson claims. Morton v. United States, No. CR 14-0260-KD-MU, 2017 WL 2373437, at *3 (S.D. Ala. May 3, 2017), *report and recommendation adopted*, 2017 WL 2371217 (S.D. Ala. May 31, 2017) (dismissing Section 2255 motion as untimely because motion was filed "more than one year after the Supreme Court issued its decision in Johnson on June 26, 2015."); Ortuna-Herrera v. United States, No. 1:07-CR-0279-24-CAP, 2017 WL 2901707, at *1 (N.D. Ga. Mar. 21, 2017) ("Even if the movant is relying upon the Johnson decision pursuant to § 2255(f)(3), his motion is untimely. First, the motion was filed more than one year after Johnson was decided."); see also Dodd v. United States, 545 U.S. 353, 357, 358 (2005) ("What Congress has said in [Section 2255(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially

recognized by this Court. . . . Paragraph [f(3)] identifies *one date and one date only* as the date from which the 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'").[4]

For all of these reasons, the Court should **DISMISS** Fredrick's Motion as untimely. Additionally, as discussed in Section II below, Fredrick does not bring a cognizable Johnson claim. Thus, even if his Motion was timely, it is unavailing.

## II. Whether Johnson Applies to Fredrick's Guidelines Career Offender Sentence Enhancement

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process." 576 U.S. at ___, 135 S. Ct. at 2563. The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three previous convictions . . . for a *violent felony* or a serious drug offense, or both." 18 U.S.C. § 924(e)(1) (emphasis added). The residual clause of the ACCA defines "violent felony" as, *inter alia*, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court found the "residual clause" so vague as to violate due process. See 576 U.S. at ___, 135 S. Ct. at 2557.

---

[4] The lower court cases cited by Fredrick also cite the Supreme Court's opinion in Mathis v. United States, 579 U.S. ___, 136 S. Ct. 2243 (2016). Thus, Fredrick's arguments could be construed as also implicating Mathis. However, Mathis does not provide for a new limitations period under Section 2255(f)(3) because "the Supreme Court in Mathis did not announce a 'new rule of constitutional law.'" In re Orestes Hernandez, 857 F.3d 1162, 1164 (11th Cir. 2017); see also Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (Mathis interprets the "statutory word 'burglary' and does not depend on or announce any novel principle of constitutional law."); Davis v. United States, CV116-140, 2017 WL 1362795, at *4 (S.D. Ga. Mar. 16, 2017) (determining Mathis did not announce a new rule of constitutional law that the Supreme Court made retroactive, nor is this decision retroactive for purposes of filing a second or successive Section 2255 motion). Further, to the extent that Fredrick relies upon a decision of the Eleventh Circuit Court of Appeals or any lower court, "a decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under [§ 2255(f)(3) ]." E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006).

The "crime of violence" definition formerly contained within the Sentencing Guidelines' career offender enhancement provision is identical to the residual clause language found unconstitutional in Johnson. U.S.S.G. § 4B1.2(a)(2) (2004). Despite this similarity, the Supreme Court held in Beckles that the Johnson holding does not apply to the residual clause of the Sentencing Guidelines. Beckles, 580 U.S. at ___, 137 S. Ct. at 890. In Beckles, the petitioner was arrested for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). United States v. Beckles, 565 F.3d 832, 836 (11th Cir. 2009). "Due to multiple prior felonies, Beckles'[] violation of 18 U.S.C. § 922(g) subjected him to the enhanced penalty provision of 18 U.S.C. § 924(e)(1)[,] and the district court found him to be an armed career criminal pursuant to that statute." Id. at 841. "This finding, in turn, qualified Beckles for a sentence enhancement under § 4B1.4 [of the Sentencing Guidelines]." Id. Section 4B1.4 of the Sentencing Guidelines "instructs that the appropriate offense level is . . . [*inter alia*] the offense level described in § 4B1.1, if applicable." Id. "Section 4B1.1, in turn, applies if":

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Id. at p. 842 (citing U.S.S.G. § 4B1.1(a) (emphasis added)). The term "crime of violence" previously included "any offense under . . . state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (2004). "At [Beckles'] sentencing, the district court found that § 4B1.1 was applicable . . . reasoning that two of Beckles'[] prior felony convictions were for qualified controlled substances offenses, and the current 18 U.S.C. § 922(g) [felon in possession of a firearm] conviction was for a 'crime of violence' . . . ." 565 F.3d at 842.

In Beckles' subsequent Section 2255 motion, he "claimed that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1, [arguing that] his conviction for possession of a sawed-off shotgun was not a 'crime of violence.'" Beckles v. United States, 579 F. App'x 833, 833 (11th Cir. 2014) (per curiam), *vacated*, 580 U.S. ___, 137 S. Ct. 886. The Eleventh Circuit Court of Appeals denied Beckles' Section 2255 motion, finding Johnson inapplicable to the Sentencing Guidelines. Id. Beckles subsequently filed a petition for certiorari in the United States Supreme Court, again contending that the Sentencing Guidelines' residual clause is void for vagueness under Johnson. The Supreme Court granted certiorari and affirmed the decision of the Eleventh Circuit, holding that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." Beckles, 580 U.S. at ___, 137 S. Ct. at 896. The Court reasoned that, unlike the ACCA, "[t]he advisory Guidelines [] do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."[5] Id. at ___, 137 S. Ct. at 894. The Court further distinguished the Guidelines from the ACCA because the ACCA *requires* sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years, whereas the Guidelines are advisory. Id. at ___, 137 S. Ct. at 892. Therefore, although the Sentencing Guidelines' residual clause and the ACCA's residual clause are identical, the Sentencing Guidelines are not subject to a void-for-vagueness challenge under Johnson because the Guidelines "merely guide the district courts' discretion." Id. at ___, 137 S. Ct. at 894.

---

[5] Specifically, the Supreme Court found that "even perfectly clear Guidelines could not provide notice to a person who seeks to regulate his conduct so as to avoid particular penalties within the statutory range." Beckles, 580 U.S. at ___, 137 S. Ct. at 894 (citation omitted). As to arbitrary enforcement, the Guidelines "do not regulate the public by prohibiting any conduct or by 'establishing minimum and maximum penalties for [any] crime.'" Id. at ___, 137 S. Ct. at 895 (quoting Mistretta v. United States, 488 U.S. 361, 396 (1989) (alteration in original)). "Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress." Id.

As laid out above, the Court deemed Fredrick a career offender under U.S.S.G. § 4B1.1(a) due to his prior convictions for robbery, burglary, kidnapping, and aggravated sodomy. Construing Fredrick's Motion broadly, he contends that the Court should resentence him without that designation due to the decision in Johnson. However, the Supreme Court's decision in Beckles entirely forecloses this argument. Under Beckles, Johnson has no applicability to the Guidelines. Therefore, Fredrick cannot use Johnson to challenge this Court's Guidelines calculation.

For all of these reasons, the Court should **DENY** Fredrick's claim that Johnson invalidates his Guidelines career offender classification and resulting sentence.

## III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Fredrick leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Fredrick has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis added); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of the pleadings and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Fredrick a Certificate of Appealability, Fredrick is

advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Fredrick *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Fredrick's Motion, (doc. 55), as untimely. Alternatively, to the extent that the Court reaches the merits of Fredrick's arguments, I **RECOMMEND** the Court **DENY** his Motion. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case and **DENY** Fredrick a Certificate of Appealability and *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of June, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA